FILED'08 OCT 01 15:27usdc-ore

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN M. MORGAN,

        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 07-6286-AA
OPINION AND ORDER

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
    Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, John Morgan, brings this action pursuant to the

1  - OPINION AND ORDER

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits (DIB) under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on October 21, 2003, alleging disability beginning September 5, 2001[1]. Tr. 484. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ which was held on October 6, 2005. Tr. 684. On February 24, 2006, the ALJ found plaintiff not disabled. Tr. 20. On August 8, 2007, the Appeals Council denied plaintiff's request for review. Therefore, the ALJ's decision became the final agency decision from which plaintiff seeks judicial review.

## STATEMENT OF THE FACTS

At the time of the hearing, plaintiff was 47 years old and had graduated from high school. Tr. 708. Plaintiff had past relevant work experience as a city maintenance worker and lumber handler/sales. Tr. 707-08.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is

---

[1] Plaintiff filed a previous claim that was denied by the Administrative Law Judge (ALJ) on February 24, 2003. Tr. 20, 54-65. The Appeals Council denied review and plaintiff did not appeal. Therefore, the relevant period at issue here commences February 25, 2003.

based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

3    - OPINION AND ORDER

§§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### 1. The ALJ's Findings

At step one of the sequential process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 28. See 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the ALJ found that plaintiff had the following severe impairments: insulin dependent diabetes mellitus and degenerative disc disease of the

4    - OPINION AND ORDER

lumbar spine. Tr. 28. See 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 28. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ next determined that plaintiff had the residual functional capacity to perform a reduced range of light and sedentary work, with the limitation that he was precluded from performing frequent bilateral fingering. Tr. 28. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. At step four the ALJ found that plaintiff was unable to perform his past relevant work within the residual functional capacity limitations noted above. Tr. 28. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Finally, at step five, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. These occupations included bench order clerk, charge account clerk, and bindery machine feeder, each with over 60,000 jobs available in the national economy. Tr. 29. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g). Therefore, the ALJ found plaintiff not disabled.

2. Plaintiff's Allegations of Error

A. Plaintiff's Credibility

Plaintiff argues that the ALJ erred when he rejected plaintiff's testimony and found him not credible. Where, as here, plaintiff has medically documented severe impairments that could reasonably be expected to produce some degree of the symptoms plaintiff complains of, "the ALJ may reject the

5   - OPINION AND ORDER

claimant's testimony regarding the severity of his symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater 80 F.3d 1273, 1284 (9th Cir. 1996). To reject plaintiff's subjective claims, once the plaintiff establishes the existence of an impairment and a causal relationship between the impairment and some level of symptoms, the ALJ must provide clear and convincing reasons, supported by substantial evidence. Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999).

Here, there is no dispute that plaintiff had impairments that could reasonably be expected to cause some degree of symptoms. Therefore, the ALJ must cite clear and convincing reasons for disbelieving that plaintiff's impairments were as disabling as he alleged. The ALJ cited the following two reasons: (1) as of June 7, 2005, according to plaintiff's doctor, he was "doing better on all scores" than he had been previously, when his doctor limited him to being "unable to work on any heavy physical type things." Tr. 26-26, 335, 585; and (2) plaintiff's lack of motivation to work as demonstrated by his not attempting to find less strenuous work than his prior work with the City of Port Orford. Tr. 25.

I disagree that these two reasons provide "clear and convincing reasons" based on substantial evidence in the record to reject plaintiff's testimony. Even assuming plaintiff's condition had improved by June 7, 2005, this observation fails to address plaintiff's condition during the entire period at issue, beginning February 25, 2003, through February 24, 2006. Moreover, the record shows that prior to plaintiff's June 2005

6   - OPINION AND ORDER

appointment, plaintiff had been doing very poor. In relation to Dr. Williams' "doing better" comment, Dr. Williams noted that previously plaintiff had been suffering from sinusitis, a tooth extraction, diabetes, arteriosclerotic cardiovascular disease and hypertension. Tr. 646. Further, on September 8, 2005, plaintiff reported a significant amount of pain from his peripheral neuropathy. Tr. 669. Dr. Williams described his as suffering from "severe peripheral neuropathy with secondary pain." Id. Dr. Williams' comment that plaintiff was "doing better" when taken in context is not substantial evidence to reject plaintiff's testimony.

Next, considering the ALJ's comment regarding plaintiff's "lack of motivation" to find less strenuous work than his prior job with the City of Port Orford, I find plaintiff's failure to find other employment is reasonable when considering his severe impairments - all fully supported by the record and his treating doctor. Plaintiff testified that his blood sugar level fluctuates on a daily basis causing fatigue. Tr. 702. He further testified that approximately three to four times per month, he has a low blood sugar level episode that results in disorientation. Tr. 712. It takes about 30 minutes for his blood sugar level to return to normal. Id. The ALJ failed to give any reasons for rejecting this testimony, nor did he credit it. Plaintiff's treating doctor confirmed that plaintiff has difficulty controlling his blood sugar level and that it takes approximately 30 minutes to recover from a high or low blood sugar episode. Tr. 672.

In crediting plaintiff's testimony, plaintiff must be found

7    - OPINION AND ORDER

disabled based on the testimony and opinion of the Vocational Expert (VE). The VE testified that unscheduled daily work breaks, for fatigue or low blood sugar level episodes, would preclude employment. Tr. 713-14.

### B. Treating Doctor's Opinion

Plaintiff next argues that the ALJ erred in failing to provide clear and convincing reasons for rejecting the opinion of Dr. Williams, plaintiff's treating doctor. Dr. Williams stated in 2005, that since 2004, plaintiff's diabetic neuropathy and his diabetes had "continued to worsen to the point where I feel, at this time, patient is not employable in any way." Tr. 644. The ALJ rejected that opinion as inconsistent with prior medical evidence. The examples of that inconsistency cited by the ALJ include Dr. Williams' statement that plaintiff is "doing better on all scores," tr. 646, and a reference to a November 12, 2001, visit with Dr. Williams where Dr. Williams actually opined that, "[h]e cannot continue to work, and I agree. His work of eight hours per day standing on his feet is something he will not be able to do." Tr. 585. I disagree that these statements by Dr. Williams qualify as prior inconsistent medical evidence. In January 2004, Dr. Williams found that plaintiff "has significant problems with peripheral neuropathy and pain that makes it so it is very difficult for him to do any kind of physical activity." Tr. 624. A few months later, Dr. Williams found that plaintiff was "restricted to a more sedentary type of work." Tr. 642. Finally, in May 2005, Dr. Williams stated that plaintiff's diabetic neuropathy and diabetes had continued to worsen to the point where he was "not employable in any way." Tr. 644. Dr.

Williams' opinion as plaintiff's treating doctor should be credited.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this __1__ day of October 2008.

                                         /s/ Ann Aiken
                                         Ann Aiken
                               United States District Judge

9   - OPINION AND ORDER